**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| SHEILA KNOX, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No. SAG-25-01302 |
| | * | |
| CONSUMER PORTFOLIO SERVICES, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OPINION**

Plaintiff Sheila Knox, who is self-represented, filed this complaint against Defendant Consumer Portfolio Services ("CPS"), for claims relating to the financing of her auto loan. ECF 1. CPS has now filed a motion for summary judgment. ECF 41. Plaintiff opposed the motion, ECF 43, and CPS filed a reply, ECF 46. This Court has carefully reviewed all of the filings and has determined that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, CPS's motion will be granted and judgment must be entered in CPS's favor.

**I.     BACKGROUND**

The factual record before the Court consists of the exhibits attached to CPS's motion. Plaintiff purchased a 2015 Mini Cooper ("Mini Cooper") from Ourisman Route 198 Sales, Inc. ("Ourisman") on February 18, 2022. ECF 41-3 at 5–6. Plaintiff and Ourisman entered into a Retail Installment Sale Contract ("the Contract") for the purchase. *Id.* The Contract provided for an annual percentage rate of 21.70% on the car loan and specified that the loan was "subject to the Credit Grantor Closed End Credit Provisions (Subtitle 10) of Title 12 of the Commercial Law

1

Article of the Maryland Code." *Id.* Ourisman assigned the Contract to CPS in February, 2022. *See* ECF 41-3 at 3 ¶ 6.

Plaintiff has filed two prior lawsuits relating to the purchase of the Mini Cooper. She filed the first lawsuit against Ourisman in state court on January 20, 2023. *Id.* at 13–20. On June 8, 2023, Plaintiff and Ourisman entered into a settlement agreement and release, which provides in relevant part:

> I, SHEILA KNOX (referred to herein as "KNOX"), hereby agrees to release, acquit, and forever discharge OURISMAN ROUTE 198 SALES, INC., (improperly identified in Knox's Complaint as Ourisman Hyundai, Nissan, and Mazda), any and all of its respective parent companies, past, present, and future companies, subsidiaries, affiliates, shareholders, directors, owners, trustees, officers, insurers, agents, representatives, attorneys, insurance companies . . . assigns and assignees, or any agent acting or purporting to act for it or on its behalf (collectively "OURISMAN"), from any and all actions, causes of action, claims, debts, liabilities, accounts, demands, damages, claims for indemnification or contribution, costs, expenses or fees whatsoever, of every kind and character that KNOX may have and may have brought against OURISMAN in any way related to the transactions and dealings between the OURISMAN and KNOX related to the . . . 2015 MINI COOPER 2S, VIN WMWXP7C58F2A37773 . . . .

*Id.* at 11. After the settlement, Ourisman paid off the balance Plaintiff owed to CPS for the Mini Cooper. *Id.* at 3 ¶ 7. Plaintiff dismissed the lawsuit with prejudice on June 8, 2023. *Id.* at 22.

On November 8, 2023, Plaintiff filed a second state-court action relating to the Mini Cooper, this time against CPS. *Id.* at 25–27. Like in this action, Plaintiff's Complaint in the state court asserted claims relating to the interest rate CPS charged, its alleged failure to make required disclosures, and its lending practices. *Id.* The state court granted CPS's motion to compel arbitration, but after Plaintiff failed to timely initiate arbitration, it dismissed the lawsuit. *Id.* at 29, 31.

Plaintiff then filed the instant lawsuit in this Court, again re-asserting the same claims: that CPS engaged in predatory and deceptive practices in light of its interest rate, and that CPS breached

a consent order it had entered with the Federal Trade Commission ("FTC") in 2014. ECF 1 at 1, 3, 5.

## II.    LEGAL STANDARDS FOR SUMMARY JUDGMENT

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material fact. *See Casey v. Geek Squad Subsidiary Best Buy Stores, L.P.*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993)). The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

Additionally, summary judgment is warranted if the non-moving party fails to provide evidence that establishes an essential element of the case. *Id.* at 352. The non-moving party "must produce competent evidence on each element of [its] claim." *Id.* at 348–49 (quoting *Miskin*, 107 F. Supp. 2d at 671). If the non-moving party fails to do so, "there can be no genuine issue as to any material fact," because the failure to prove an essential element of the case "necessarily renders

all other facts immaterial." *Id.* at 352 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Coleman v. United States*, 369 F. App'x 459, 461 (4th Cir. 2010)). In ruling on a motion for summary judgment, a court must view all the facts, including reasonable inferences to be drawn from them, "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986) (quoting *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962)).

III.    ANALYSIS

CPS seeks summary judgment on multiple grounds, but the first ground is dispositive. CPS has presented uncontroverted evidence that Plaintiff executed a Release in which she agreed to release all claims against OURISMAN "in any way related to the transactions and dealings between the OURISMAN and KNOX related to the . . . 2015 MINI COOPER 2S." ECF 41-3 at 11. "OURISMAN" is defined in the Release to include its "assigns and assignees." *Id.* And CPS has submitted uncontroverted evidence that Ourisman assigned the Contract relating to the Mini Cooper to CPS, making CPS an assignee of Ourisman with respect to the transaction. *Id.* at 3 ¶ 6.

In her opposition, Plaintiff focuses her arguments on what she alleges to be a violation of the consent order between CPS and the FTC. ECF 43. Any such violation, however, must be pursued by the FTC in an enforcement action because there is no private right of action for a private citizen such as Plaintiff to enforce the consent order. *See, e.g.*, *Wimbley v. Select Portfolio Servicing, Inc.*, No. 1:08CV939, 2009 WL 2045922, at *3 (M.D.N.C. July 9, 2009) ("[N]either the FTC Act nor the FTC Order provides Plaintiffs with a private right of action to enforce the Order."); *United States v. La.-Pac. Corp.*, 569 F. Supp. 1141, 1146 (D. Or. 1983) (finding, in the context of a third-party effort to enforce an FTC consent order, "There is no private right of action for third parties arising out of a consent agreement between others."); *cf. Holloway v. Bristol-*

4

*Myers Corp.*, 485 F.2d 986, 988–89 (D.C. Cir. 1973) ("The [FTC] Act nowhere purports to confer upon private individuals . . . a right of action to enjoin the practices prohibited by the Act or to obtain damages following the commission of such acts. . . . [W]e find strong indication that Congress did not contemplate or intend such a private right of action."); *Betskoff v. Enter. Rent-A-Car Co. of Balt., LLC*, Civ. No. ELH-11-2333, 2012 WL 32575, at *8 (D. Md. Jan. 4, 2012) ("[E]nforcement of [the FTC Act] is exclusive to the [Federal Trade Commission]"); *Penn–Plax, Inc. v. L. Schultz, Inc.*, 988 F. Supp. 906, 911 n.1 (D. Md. 1997) ("[U]nder the [FTC Act] no private party—consumer or competitor—has standing to sue . . . .").

Ultimately, because Plaintiff has not demonstrated any genuine issue of material fact regarding the Release, and because the Release expressly covers Plaintiff's claims relating to the 2015 Mini Cooper transaction as asserted in this lawsuit, CPS's motion for summary judgment must be granted.

## IV.　CONCLUSION

For the reasons set forth above, CPS's Motion for Summary Judgment, ECF 41, will be GRANTED and judgment will be entered in favor of CPS against Plaintiff. A separate Order follows.

Dated: April 22, 2026　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　Stephanie A. Gallagher
　　　　　　　　　　　　　　　　　　　United States District Judge